## WILLIAM H. HATCH *vs.* NATHAN SALLINGER.

### JUNE 11, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Contracts.   Construction.*

When the terms of a contract are clear its construction is for the court.

*(2)   Contracts.   Intention.*

The intention of the parties must govern when that intention can be clearly inferred from the terms of the contract and can be fairly carried out consistent with the settled rules of law.

*(3)   Contracts.   Term.*

By agreement plaintiff was to assume management of defendant's store July 1, with compensation at the rate of $6,000 per year as a drawing account with 10% of net profits. Contract provided "should these arrangements not net you a total of $8,000 for the first year, we will make up the difference". Defendant discharged plaintiff December 4.

*Held,* that the contract contemplated employment for at least one year at a total compensation of $8,000.

*(4)* *Contracts.* *Question of Fact Submitted to Jury.* *Verdicts.*

Where the court left the question of the term of plaintiff's employment to the jury and a general verdict for plaintiff was returned, as plaintiff claimed the hiring was for a year, the only inference to be drawn from the verdict is that the jury found in favor of plaintiff's contention.

*(5)* *Instructions to Jury.* *Exceptions.*

A charge to which there is no exception is the law of the case.

*(6)* *Instructions to Jury.*

It is not error to refuse to charge in the exact language requested.

ASSUMPSIT. Heard on exceptions of defendant and overruled.

SWEENEY, J. This is an action of the case in assumpsit to recover damages for breach of a contract of employment. After trial in the Superior Court the jury returned a verdict for the plaintiff for $6,147.04. Defendant filed a motion for a new trial alleging the usual grounds. The trial justice sustained the verdict as to liability but found the damages excessive and ordered a new trial, unless plaintiff files a remittitur of all of said verdict in excess of $5,568.40. Plaintiff filed a remittitur. Defendant then brought the case to this court by his bill of exceptions.

Defendant claims an exception to the denial of his motion for a directed verdict. The motion is based upon the following facts. In April, 1919, defendant engaged plaintiff to act as manager of his store. After the parties came to an oral agreement defendant's agent confirmed the oral agreement by letter dated April 12, 1919, a portion of which is as follows: "This letter is to confirm our conversation of April 10th, in which it was agreed that you should assume the management of our new Richard Store in Providence, beginning July 1, 1919, and that we should compensate you at the rate of $6,000.00 per year as a drawing account, together with 10% of the net profits.

"Should these arrangements not net you a total of $8,000.00 for the first year, we will make up the difference.

Of course, this is based on you giving your entire time and attention to the interest of our business.

"Would suggest that you confirm by letter." April 15th, plaintiff acknowledged receipt of the letter by stating that it was agreeable to him.

July 1st, plaintiff entered upon the performance of his duties and continued to perform them until December 4th, when defendant gave him written notice that his employment was terminated and to leave the store at once. Plaintiff complied with the notice. Two months afterwards he secured employment in another state at a lower salary. Plaintiff, claiming that he had a contract for one year at a minimum salary of $8,000, brought this action to recover the balance alleged to be due.

The circumstances under which defendant hired the plaintiff are these: Early in 1919 defendant decided to open a new store in Providence for the sale of women's wearing apparel. Before his first interview with plaintiff he had executed a lease of a building on Westminster street and had made plans for the reconstruction of the building. He expected to have the work completed so his store could be opened about September 15, 1919. On account of delay in completing the work the opening of the store was delayed for one month. Defendant was engaged in business in several cities and it was necessary for him to hire a suitable person to manage his new store. After several interviews with the plaintiff he was hired to manage the new store. At the time of his engagement plaintiff was working as department manager in a local department store. Plaintiff gave up his employment in the department store and July 1 entered upon the performance of his contract with the defendant. He had a great deal of work to do in selecting and employing suitable help, buying merchandise and getting ready for the opening of the new store.

Defendant claimed at the trial that his contract of hire with the plaintiff was not for a year or for any definite length of time but a hiring terminable at will and asked for

a direction of a verdict on this ground. The trial justice said he was convinced that the parties contemplated contracting for one year but that he would leave the interpretation of the contract for the jury. Defendant states in his brief that the construction of the contract was for the court and should not have been submitted to the jury. It is settled law that when the terms of a contract are clear its construction is for the court. *American Surety Co. of N. Y.* v. *Bristow,* 131 Atl. 312; *Richmond* v. *N. Y., N. H. & H. R. R. Co.,* 26 R. I. 225; *Vaughan* v. *Mason,* 23 R. I. 348; *Butler Exchange Co.* v. *Fess Rotary Oil Burner Co.,* 125 Atl. 360. The intention of the parties must govern when that intention can be clearly inferred from the terms of the contract and can be fairly carried out consistent with the settled rules of law. *Butler Exchange Co.* v. *Fess Rotary Oil Burner Co., supra; Newport Water Works* v. *Taylor,* 34 R. I. 478. Defendant has cited many cases to sustain his contention that when a person is hired "at the rate of—per year" it is a hiring at will terminable by either of the parties at any time. It was so held in *Booth* v. *National India Rubber Co.,* 19 R. I. 696, but it appears that plaintiff Booth testified that he understood the oral hiring was for an indefinite period. The cases on this proposition are annotated in 11 A. L. R. 469. See also *Maynard* v. *Royal Worcester Corset Co.,* 200 Mass. 1.

Defendant in his letter expressly agrees that if the arrangements stated, that is, a drawing account for $6,000, together with 10% of the net profits, do not net plaintiff a total of $8,000 for the first year he would make up the difference. It is clear from the language used in this letter that plaintiff was to be employed by the defendant for at least one year, and that the defendant was to pay the plaintiff the total amount of $8,000 for his year's work. Considering the conditions under which the plaintiff went to work for the defendant, the responsibility of his position and the manifold duties to be performed in getting the store started, it would be unreasonable to suppose that the in-

tention of both parties was otherwise. The trial justice should have instructed the jury that defendant's letter was a hiring of the plaintiff for one year from July 1, 1919. However, he left it to the jury to decide whether the letter was a contract with the plaintiff for one year's service or was indefinite as to time of service. No exception was taken by the defendant to any portion of the charge submitting the construction of the contract to the jury. The jury returned a general verdict for the plaintiff. The only inference to be drawn from the verdict is that the jury found that the plaintiff was hired for one year. This is in accord with our construction of the letter. There was no error in the refusal to direct a verdict for the defendant and the exception is overruled.

Defendant also claimed that he was justified in discharging the plaintiff on account of his incompetency, disobedience, mismanagement and inefficiency. The plaintiff denied these charges. Much testimony was introduced relative to these claims. The trial justice fully instructed the jury upon these issues. In his rescript he states "the jury passed on this phase of the case and found for the plaintiff and there was sufficient evidence to warrant the finding". No exception is taken on the ground that the verdict is against the weight of the evidence.

Exception is claimed to the denial of the motion for a new trial on the ground that the verdict is against the law for the reason that the plaintiff did not have a contract for a year. Defendant took no exception to the charge of the trial justice submitting the question whether the plaintiff was hired for one year to the jury. In fact he granted defendant's five requests to charge upon this issue which left it to the jury to decide whether the parties intended to make a contract for one year. *Miller* v. *Phillips*, 39 R. I. 416, is decisive of this exception. Defendant moved for a directed verdict. The motion was denied and the case was submitted to the jury. Defendant took no exception to the charge. This court held that a charge to which there is no

exception is the law of the case. *Mingo* v. *R. I. Co.*, 42 R. I. 543. The defendant takes nothing by this exception.

Defendant urges his exceptions to the denial of his 4th, 5th and 6th requests to charge. We have read the charge and find that defendant's requests to charge which were granted by the trial justice, or his general charge, substantially covered the matters which were contained in the requests which were denied, so far as they were applicable to the issues and the evidence. We have repeatedly held that it is not error to refuse to charge in the exact language requested. *McGarrity* v. *N. Y., N. H. & H. R. R. Co.*, 25 R. I. 269; *Blake* v. *R. I. Co.*, 32 R. I. 213; *McGowan* v. *Probate Court of Newport*, 27 R. I. 394. The exceptions are overruled.

The other exceptions stated in the bill were not argued nor briefed and are considered waived.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict as reduced by the remittitur.

*Ernest P. B. Atwood*, for plaintiff.

*Hinckley, Allen, Tillinghast & Phillips, Ratcliffe G. E. Hicks, Clifford A. Kingsley*, for defendant.