STEPHEN J. SIEGL *et al. vs.* TOWN COUNCIL AND ZONING BOARD OF REVIEW OF THE TOWN OF NORTH KINGSTOWN.

JULY 29, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is a petition for certiorari praying for a review and reversal of the action of the respondent town council of the town of North Kingstown in granting, in connection with certain described land, an application for a change from an established residential district zone to an industrial zone of the lowest rating. Pursuant to the writ the pertinent records in the case have been certified to this court by the town clerk.

From this record the following facts appear. John A. Schartner, signing as a co-owner and in behalf of Efco Manufacturing Company, filed an application in the office of the clerk of the town of North Kingstown on March 2, 1948, seeking a certain change in connection with the zoning district in which the property therein described was located. The petition was prepared on a regular form, at the top of which was the printed designation: "Application for Exception or Variation under the Zoning Ordinance"; and it also contained the printed address: "To the Zoning Board of Review, Town Hall Wickford, Rhode Island." In the body of the application, however, there appears the printed item: "11. Provision or regulation of zoning ordinance or State Enabling Act under which application for exception or variation is made" and the following answer was inserted by the applicant: "Amendment to change present zoning to Industrial." Item 12 on the printed application reads: "State grounds for exception or variation in this case" and the answer thereto by the applicant was: "The building used at present is located nearby this field but is too small to house expanding business."

On March 8, 1948 the town council took the following action: *"Voted* that the petition of John A. Schartner, co-owner, to amend Zoning Ordinance for premises located at Hamilton on easterly side of Boston Neck Road, from Residential B. District to Commercial E District Zone, be

received and continued to April 12th 1948, at one o'clock P. M. with an order of notice thereon." Pursuant to such vote and order the town clerk caused a notice of public hearing thereon to be held April 12, 1948 to be published three times, that is, March 25, April 1, and April 8, 1948, in the Standard, a weekly newspaper published in said town.

The application for such change in zones accordingly was heard in part on April 12, 1948 and was continued for further hearing to April 26, 1948. At these hearings the approval of the application was urged by John A. Schartner and his brother Edward Schartner as co-owners of the land and business to be conducted thereon, and Monroe J. Feiring, treasurer of the Efco Manufacturing Company, the nominal applicant. It does not appear that the Efco Manufacturing Company owned any part of the land or had any mutually binding contract for the purchase thereof. A letter was also presented at the hearing to the effect that the owners of five other properties in various parts of the town, only one of which was close to the land in question, had "no objection to either the zoning change or the building construction."

The petitioners here were present personally or represented by counsel at each of the above hearings and presented their objections to the granting of the application on the ground that it was spot zoning, not in conformity with the zoning law, and was not in the best interest of the people of the town. It also appeared that there were certain nonconforming uses on the Post Road in the general locality, but at some distance from these premises, and that such uses existed before the zoning ordinance became effective.

Following the hearing on the application the record shows that "The hearing being concluded, the Town Council debated the Petition and upon a motion voted to grant said Petition changing the Zoning of said land from Residential B to Commercial E." No findings of fact on the

evidence and no reasons for the decision are given other than as above quoted in the town council's vote.

On this record the petitioners here contend that the action of the town council should be quashed because (1) the manifest irregularities, errors and ambiguities disclosed on the face of the petition and record are so misleading, confusing and inadequate as to warrant reversal of the decision in question; (2) that, assuming the town council acted as a zoning board of review, the applicant has not sustained the burden of showing facts that would warrant the granting of an exception or variation under the zoning act and ordinance, and the town council has given no findings or reasons to support its decision; (3) that if the town council were acting in its representative capacity to hear an application for a change in established zoning districts under the ordinance, then it did not comply with the requirement of the enabling act and the ordinance that notice of the hearing upon such a proposed change in zones should have been advertised once a week for at least three weeks, that is, so that at least twenty-one days would intervene between the date of the first publication and the hearing, whereas here "the notice only gave seventeen days."

Before the merits of the petitioners' contentions can be examined, however, we must first consider the antecedent question, namely, whether the respondent town council actually was sitting as a legislative body or as a zoning board of review exercising a quasi-judicial function under the ordinance. If the town council heard the matter as a zoning board of review on an application for an exception or variance under the zoning ordinance, then its decision clearly would be reviewable by certiorari. On the other hand, if the application actually sought a change of zones from an established residential B district to a commercial E district, then it would be acting in its capacity as a legislative body and certiorari ordinarily does not lie to review a purely legislative action. *R. I. Home Builders, Inc.* v. *Hunt,* 74 R. I. 255.

In that case a similar question was presented on the theory that the petitioner there had a right under the zoning act to review by certiorari any action of the city or town council in changing an established zoning district without adequate notice. We held, however, that the common-law limitations of certiorari prevail in this state; that the writ is a proper means to review errors of law appearing in a judicial or quasi-judicial action; and that such writ would not lie to review an action of a town or city council that was purely legislative in character, citing *Sisson* v. *Peloquin* (R. I.), 133 A. 621; *Greenough* v. *School Committee,* 27 R. I. 427; *Donahue* v. *Town Council,* 25 R. I. 79. In other words, we left the petitioner to his remedy in equity or otherwise when his rights were injured or substantially threatened with injury by any action by the applicant or city pursuant to and based upon the alleged invalid amendment of the zoning ordinance.

In the instant case, if the application was intended, heard and decided as one addressed actually to the town council in its legislative capacity whereby a change in established zones was sought, the action of the council, even though it might be open to question legally on some ground, would nevertheless be legislative and would not be reviewable by a writ of certiorari. *R. I. Home Builders, Inc.* v. *Hunt, supra.*

In our opinion the petition was so intended by the applicant and was so construed, heard and decided by the town council. Apart from the mere printing on the form upon which the application was made, the substance thereof as filled in by the applicant actually requested an essential change from the established residential B district zone to that of a commercial E or industrial district. It appears from the zoning ordinance that "Commercial E" was the lowest of the six established zones or districts.

The advertising of the notice as quoted clearly indicates that it was so interpreted by the council. Further, the council's decision significantly is not a grant of either an

exception or a variance under the zoning ordinance but is a vote to grant the request of the application by "changing the Zoning of said land from Residential B to Commercial E." Finally, the town solicitor's brief in substance and effect concedes that the application was thus intended, considered and decided by the town council in its legislative capacity, and the petitioners here have strongly argued, under one of their points, that the petition should be so treated.

In these circumstances we construe the petition to be one solely for a change from one established zone to another of lower rating; and that although it appeared to be addressed to the zoning board of review it was intended for and was considered and decided by the town council in its legislative capacity. This construction excludes from the instant application and the decision any possibility of having either of them treated as pertaining to an application for a grant of an exception or variance under the zoning ordinance. So construed the action of the town council complained of was in our opinion a purely legislative act of that body and is not properly reviewable by certiorari upon the authority of *R. I. Home Builders, Inc.* v. *Hunt, supra.*

The writ heretofore issued is quashed, and the papers certified pursuant thereto are ordered returned to the respondents with our decision endorsed thereon, without prejudice, however, to the rights of the parties in any other proceeding.

*Henshaw, Lindemuth & Siegl, Daniel S. T. Hinman,* for petitioner.

*James H. Donnelly,* Town Solicitor, for respondents.