WESLEY VIBBERTS *vs.* HARRY H. HART *et al.*

AUGUST 30, 1956.

PRESENT: Flynn, C. J., Condon, Andrews and Paolino, JJ.

ANDREWS, J. This bill in equity was brought by the complainant as a citizen, taxpayer and resident of the town of Tiverton to enjoin the respondents, who constitute the town council of said town, from moving a piece of fire-fighting apparatus from the South Tiverton Volunteer Fire Department headquarters, and for general relief.

After a hearing on bill, answer and proof the superior court entered a decree enjoining respondents from removing said fire-fighting apparatus from its location at the headquarters of the fire department and from interfering with the expenditure of $420 for hose and $1,170 for a radio for said apparatus as they were payable out of the appropriation: "Maintenance of South Tiverton Volunteer Fire Department — — — $5000.00," made by the voters at the town meeting held on March 16, 1955. The cause is before us on the respondents' appeal from that decree.

The respondents attack the decree because the superior court did not find that title to the apparatus was in the South Tiverton Volunteer Fire Department as alleged in the bill of complaint and also because they claim the town council has control over the appropriation for said department. We shall confine our opinion to these reasons of appeal.

The first contention is without merit. The evidence showed that a town ordinance places the authority to locate fire-fighting apparatus in the town fire chief and not in the

town council. The decisions of this court recognize the right of a taxpayer to seek an injunction to restrain the illegal acts of municipal officers. *Place* v. *City of Providence*, 12 R. I. 1; *Ecroyd* v. *Coggeshall*, 21 R. I. 1; *Sisson* v. *Peloquin*, R. I., 133 Atl. 621. In the circumstances, therefore, it was unnecessary to establish title to the fire-fighting apparatus in the department as that was not the controlling issue.

As to respondents' second contention, it is true the evidence shows that the town council had in the past controlled appropriations made to the local volunteer fire companies and had actually undertaken to spend this appropriation. However, in *South Tiverton Volunteer Fire Dept.* v. *Cook*, 85 R. I. 30, the opinion in which has been filed this day, we construed the statute authorizing such appropriation and held that the town council had no such right as claimed.

The respondents' appeal is therefore denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John C. Burke*, for complainant.

*Sheffield & Harvey, Richard B. Sheffield*, for respondents.

