THE TRAVELERS INSURANCE COMPANY *vs.* ALBERT NASTARI *et al.*

FEBRUARY 19, 1962.

PRESENT: Condon, C. J., Roberts and Powers, JJ.

POWERS, J.   This is a petition for certiorari brought to review certain actions of the superior court in connection with proceedings commenced pursuant to G. L. 1956, chap. 30 of title 9, the "Uniform Declaratory Judgments Act." We issued the writ and in response thereto the pertinent records have been duly certified for our inspection.

It appears therefrom that on August 2, 1958 Albert Nastari, an employee of Duraflex Sales & Service Corporation engaged in the delivery of materials to his employer by Durastone Company, was injured by the negligent operation of a crane owned by Raymond Imperatore and Edward Imperatore, copartners doing business as Imperatore Crane Service, hereinafter called "copartners," and operated by Joseph Imperatore, their employee.   Thereafter, on or about December 1, 1958, Nastari commenced an action against the copartners for injuries resulting from the alleged negligence of their employee.

It also appears that by letter dated February 29, 1960, The Travelers Insurance Company, insurer of Duraflex Sales & Service Corporation and Durastone Company, was purportedly informed that the copartners and their employee were insured by Maryland Casualty Company.

For convenience we will here refer to The Travelers Insurance Company as "Travelers," and later in the certiorari proceedings as the respondent. Likewise we will here refer to Maryland Casualty Company as "Maryland" and in the certiorari proceedings, together with the copartners, as the petitioners.

The above-mentioned letter, allegedly signed "Imperatore Crane Service, Raymond N. Imperatore by Joseph Imperatore," advised Travelers that if Nastari recovered a judgment in excess of the coverage afforded by Maryland, or if Maryland refused to pay more than 50 per cent of any such judgment, the copartners and their employee would look to Travelers under the terms of a policy issued by it to Duraflex and Durastone. Further, by letters dated April 20, 1960, Travelers was requested by the copartners and their employee to provide protection for them in the action commenced by Nastari, "under the omnibus provisions of your insurance policy, which governed the loading and unloading operations."

The record further establishes that Travelers apparently refrained from participating in the trial of Nastari against the copartners in which trial Nastari recovered a judgment of $72,000. The judgment was partially satisfied in the amount of $35,000 and Nastari commenced an action for the balance against Travelers in the United States district court.

Thereafter on July 23, 1960 the copartners commenced an action of trespass on the case for indemnification against their employee Joseph Imperatore. The writ was returnable August 31, 1960. Joseph Imperatore, it is alleged, forwarded the copy of the writ left with him to Travelers and

called upon it to defend the action. Travelers declined so to do.

Prior to the return date, namely on August 26, 1960, Travelers commenced proceedings in the superior court by filing a petition for a declaration of rights status naming as respondents the copartners, Maryland, Albert Nastari and Joseph Imperatore. The latter two named respondents, however, were never served with process. This petition was docketed equity No. 28541.

The petitioner (Travelers) prayed for construction of certain provisions of the policies issued by it and by Maryland, for a declaration of rights thereunder and, inter alia, that the copartners be temporarily restrained and enjoined from proceeding with their action against the employee Joseph Imperatore and from proceeding against Travelers.

On the same date the superior court entered an order assigning the petition to the miscellaneous calendar for hearing on August 31, 1960 and restraining the respondent copartners to such date. This order, however, specifically authorized the copartners to enter their writ in the action commenced by them on the return day thereof.

Travelers filed an amended petition on August 31, 1960, adding other provisions of the policies to be construed, and renewed its prayer for injunctive relief. The respondent copartners and Maryland filed their answers to the amended petition on September 30, 1960, neither denying nor admitting certain allegations, denying some, admitting others, and praying that the petition be dismissed as to them.

The prayer for a preliminary injunction had been heard by a superior court justice on September 1, 1960 and he rendered a decision for petitioner on October 4, 1960, to which decision respondents duly excepted. On October 17, 1960, pursuant to the court's decision the following decree was entered ordering:

"That the respondents, Raymond and Edward Imperatore, be and they are hereby enjoined from further

prosecuting the action brought by them against Joseph Imperatore by original writ dated July 23, 1960, returnable on August 31, 1960, in the Superior Court for the County of Providence until the issues raised by the petitioner's petition shall have been finally determined or until further order of this court."

The respondent copartners and Maryland duly appealed from said decree.

Simultaneously with the filing of its original petition on August 26, 1960, Travelers filed a petition against Maryland as respondent calling for the production of certain documents, namely, the policy of insurance issued to the copartners, the daily of Maryland, and a written agreement in connection with which Maryland was alleged to have either paid or advanced funds for the partial satisfaction of Nastari's judgment.

Thereafter on September 20, 1960, pursuant to G. L. 1956, §9-19-23, Maryland was ordered to file an answer to said petition. It was filed by Maryland on September 29, 1960 stating that the written agreement of settlement mentioned in the petition was procured by its attorney, was part of the attorney's work papers, and as such was privileged. The order assigning the petition and answer for hearing failed to specify to which calendar it was assigned and the cause was heard on the formal motion calendar October 7, 1960 in the absence of the respondent. On October 11, 1960 over the objection of Maryland an order was entered requiring the latter to afford Travelers the opportunity to copy the agreement which Maryland alleged was privileged. Although the time fixed in said order was October 17, 1960, it was subsequently extended to October 31, 1960.

Prior thereto, however, on October 27, 1960, the copartners and Maryland, who will hereinafter be referred to as petitioners, joined in a petition to this court for a writ of certiorari alleging that the superior court had acted in excess of its jurisdiction.

It is contended by Travelers, hereinafter referred to as respondent, that the actions of the superior court complained of by petitioners are not reviewable by certiorari for the reason that petitioners are complaining of alleged errors of law and have an adequate remedy by way of appeal. In support of its contention respondent refers our attention to certain decisions of this court. The cases relied upon, however, are of no assistance to respondent. The gravamen of petitioners' complaint is that in granting injunctive relief against prosecution of the law action by the copartners and denying Maryland an opportunity to be heard on its answer to the petition for the production of documents, the superior court was without or acted in excess of its jurisdiction. We have held that where the error of law complained of was committed by the superior court in the exercise of its jurisdiction, this court will, in appropriate cases, permit certiorari to be employed to correct such error. *White* v. *White*, 70 R. I. 48.

In the instant proceedings, petitioners challenge the jurisdiction of the superior court to grant injunctive relief on the authority of the declaratory judgments statute. It is a question of first impression in this state and we are persuaded that, in the exercise of our revisory and appellate jurisdiction and the special circumstances of this case, certiorari is a proper vehicle for review. The appeal, therefore, is dismissed pro forma.

The respondent contends that in granting injunctive relief the trial justice acted neither in excess of his jurisdiction nor in abuse of his discretion. It argues inter alia that since it has been called upon by Joseph Imperatore to defend him in the indemnification action brought by the copartners and that it is unable to determine its obligation in that regard prior to the construction of its policy and its obligations, if any, thereunder, the action of the trial justice served merely to preserve the status quo.

In furtherance of its position it appears to contend that such authority is inherent in the provisions of §9-30-1, which reads as follows:

"The superior court upon petition, following such procedure as the court by general or special rules may prescribe, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

In support of this contention respondent calls our attention to *Reed* v. *Fidelity & Casualty Co.*, 254 Ala. 473, and cases from other jurisdictions. These cases are for various reasons of no assistance, since it is clear from some of them that the jurisdictions in which they were decided do not maintain the strict adherence to common-law procedures as is, and traditionally has been, the case in Rhode Island. In still others the cases are readily distinguishable on their facts.

The facts in *Reed* v. *Fidelity & Casualty Co., supra,* are admittedly very similar to those in the case at bar and the Alabama statute closely follows the provisions of G. L. 1956, chap. 30 of title 9. No reason is advanced in the Alabama decision, however, for interpreting the provisions of the statute in that state as authority for deviating from common-law procedures, if in point of fact that state has heretofore rigidly adhered to the common law.

In any event we are not constrained to adopt the principle as laid down in that case, considering the clear and explicit language employed by the legislature of this state and our well-known adherence to common-law procedures.

The instant respondent is not a party to the law action commenced by the copartners against their employee. Moreover, said law action was commenced prior to the filing

of the instant petition. In these circumstances no such injunctive relief as is here sought could have been obtained by resort to equity in this jurisdiction.

Nothing contained in §9-30-1 or other sections of the act is so uncertain or lacking in clarity, regarding the expressed scope thereof, as even to suggest that the legislature intended to modify common-law procedures and the rules of chancery jurisdiction. The respondent correctly argues that §9-30-12 expressly provides that the act shall be liberally interpreted. But that section also provides: "The remedy provided by this chapter shall be cumulative and shall not exclude or prevent the exercise of any other right, remedy or process heretofore allowed by law or by previous enactment of the legislature."

To give to the Rhode Island statute the construction given to the Alabama statute by that court would be to hold that the legislature intended to permit litigants to use chap. 30 of title 9 as a substitute for our accepted practices in actions at law and suits in equity. We are not persuaded that the language employed is so drastic in scope.

The respondent urges, however, that notwithstanding an interpretation that the declaratory judgments statute as applied in this state may be used in aid of, but not as a substitute for, an action at law or a suit in equity, the proceedings under the statute partake of an equitable nature. It follows, respondent contends, that principles applicable only in equity are an integral part of and may be invoked in a petition for a declaration of rights status.

It argues that the injunctive relief granted by the trial justice in the instant proceedings served merely to preserve the status quo until a declaration of rights and obligation was had, and that such relief is not novel in this jurisdiction. Preservation of the status quo in the law action is essential, respondent contends, for the reason that a declaration of rights status will aid in determining whether re-

spondent has an obligation to defend Joseph Imperatore as requested by him.

In support of the proposition that equity has exercised such jurisdiction, it cites *McSoley* v. *McSoley*, 79 R. I. 124, and *Wright* v. *Wright*, 82 R. I. 67. Those cases, however, are not authorities for the principle that a court of equity will enjoin an action at law on the prayer of a complainant or petitioner who is not a party to the law action.

In the *McSoley* case an appeal was pending in the superior court from the appointment of an administratrix. A bill of complaint was filed therein praying that she be enjoined from expending assets of the estate not authorized by statute until the hearing on the merits of the pending appeal. A decree entered granting the relief prayed for was substantially affirmed by this court. In doing so we were careful to observe at page 128, "Our superior court sitting in equity is expressly given general probate jurisdiction by statute 'when such jurisdiction is properly involved in suits in equity.'"

In *Wright* v. *Wright, supra,* a bill of complaint was brought to set aside a deed and prayed that respondent be enjoined from attempting to dispose of her alleged interest pending determination of the cause on its merits. The prayer was heard prior to the filing of an answer by respondent and the relief sought was granted. This court held that in such circumstances the decree was interlocutory and not reviewable on appeal, since the temporary injunction was merely to preserve the status quo pending determination of the cause on its merits.

The cases thus referred to were properly cognizable in equity and consequently are not in point in the instant proceedings which rest on the unique statutory authority of G. L. 1956, chap. 30 of title 9. See *Newport Amusement Co.* v. *Maher*, 92 R. I. 51, 166 A.2d 216. We are not here concerned with the efficacy of remedies in equity, but rather

whether such remedies can be invoked by having recourse to the statute in issue.

Further, the respondent misconceives the import of the phrase "judgment or decree" as the same appears in several sections of the statute. The significance and intendment of the statute are fully set forth in §9-30-1 quoted *supra*, and in §9-30-2 which provides as follows:

> "Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

The provisions therein set forth make possible a declaration of rights and/or obligations, even though the written document be executory and not yet the subject of judicial controversy, with equal applicability whether the anticipated controversy be cognizable in an action at law or a suit in equity. Prior to the enactment of the statute any such declaration would be in the nature of an advisory opinion merely and, as such, not obtainable. A declaration of rights or obligations could result only on a determination of the merits of an adversary proceeding already commenced in an action at law or a suit in equity. We are of the opinion, therefore, that the granting of injunctive relief in the instant proceeding was in excess of the jurisdiction conferred on the superior court by chap. 30 of title 9.

The contention of petitioner Maryland in the instant proceedings raises the question of whether the trial justice abused his discretion by ordering Maryland to permit Travelers to copy the settlement agreement relating to the suit by Nastari against the copartners. The jurisdiction of the court is not in issue, but we deem it advisable to dispose of that question on the posture in which it has arisen.

It appears from the record that contained within the order of September 20, 1960, requiring Maryland to answer Travelers' petition for the production of documents, the latter was ordered to give notice of the entry of the order to Maryland and the cause was assigned for hearing on September 30, 1960. Whether such notice was in fact given does not appear from the record, nor does either party admit or contend that notice was neither given nor received. The petitioner Maryland merely contends that the hearing was had on October 7, 1960, in its absence, and an order entered four days later over its objection.

The basis for petitioner Maryland's contention that the superior court justice abused his discretion is that the hearing was improperly assigned to the formal motion calendar, which resulted in denying it an opportunity to be heard on its answer. We have only petitioner's assertion that the petition and answer were heard on the formal motion calendar without its knowledge. Nothing appears in the record to indicate that such was the case. We do not ordinarily search beyond the record before us, and in the light of petitioner's additional assertion we are persuaded that there is no necessity for doing so. The petitioner states that "over [its] objection" the court entered the order four days after the hearing on the petition and answer. We can only assume that petitioner Maryland was present on that occasion and at that time the superior court justice exercised his discretion consistent with the applicable law.

The respondent Travelers here is not a party to the action brought by the copartners against their employee. It is a reasonable inference, however, that should the copartners obtain a judgment therein and it remains unsatisfied, respondent fears they may seek to recover from it. Anticipating such a possibility, respondent here has invoked the aid of G. L. 1956, chap. 30 of title 9, and if it may properly do so the written agreement in issue is in our opinion such

a writing in the nature of a contract as is expressly included in §9-30-2.

The merits of petitioner Maryland's objection as set forth in its answer to the petition for the production of documents are not before us, and it makes no such contention. It challenges the exercise of discretion solely on the travel of the pleadings, and viewed in that light we cannot say that the granting of the respondent Travelers' petition constituted an abuse of discretion.

The petition for certiorari is granted for the purpose of quashing the decree of October 17, 1960, and is otherwise denied and dismissed. The records and papers in the case are ordered returned to the superior court for further proceedings.

*Gunning & LaFazia, Raymond A. LaFazia, Bruce M. Selya, V. James Santaniello,* for Raymond Imperatore, Edward Imperatore and Maryland Casualty Company, petitioners in certiorari.

*Boss, Conlon, Keenan, Bulman & Rice, John T. Keenan,* for The Travelers Insurance Company, respondent in certiorari.