MARY A. MASTERSON *vs.* ZACHARY T. WHIPPLE.

PROVIDENCE—JUNE 9, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)  *Equity Pleading.  Vacating Decree Pro Confesso.*

Under the provisions of Gen. Laws cap. 246, § 2, the court has jurisdiction within the period of six months after entry of decree *pro confesso*, under Gen. Laws cap. 240, § 10, as amended by Pub. Laws cap. 671, to vacate such decree and permit respondent to answer.

BILL IN EQUITY.  Heard on motion of respondent to vacate decree *pro confesso*, and granted with conditions.

PER CURIAM.  On February 4th, 1905, the complainant's decree *pro confesso* was entered, and on April 16th, following, a decree granting the relief prayed for by the bill was entered. On May 3d, of the same year, the respondent filed a motion to vacate these two decrees and for leave to file an answer.  The complainant opposes the motion upon the ground that the court has no power to vacate the decrees, the time having elapsed within which the respondent could apply under Gen. Laws R. I. cap. 240, § 10, as amended by Pub. Laws, cap. 671, passed May 24, 1899, which reads as follows: "Sec. 10.  All bills and petitions not pleaded to at the time when answer, plea, or demurrer is due shall, on *ex parte* motion of the complainants, be taken as confessed and decrees entered accordingly if all prior proceedings have been correctly taken.  Such decree, if no motion to set the same aside be made on the same day or within five days after entry of the same, shall be conclusive, and the case shall thereafter proceed *ex parte*.  If such motion be made as above provided, said decree, for cause shown, may be set aside, and further time to file answer, plea, or demurrer may be granted on such terms and conditions as the justice hearing the same may impose."

The respondent claims that the necessary power is conferred upon the court by the provisions of Gen. Laws, cap. 246, § 2, which is one of the tenor following: "Sec. 2.  In case of

judgment by default, or in case of judgment entered by mistake, or in case of decrees in all equity causes and cases following the course of equity, the court entering the same shall have control over the same for the period of six months after the entry thereof, and may, for cause shown, set aside the same and reinstate the case, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may by general rule or special order direct."

The complainant in reply urges that section 2 of the latter chapter is general in its terms while section 10 of the former is specific in terms, and that in such case the specific provision controls.

(1)    The foregoing statutes, while apparently not harmonious, are not irreconcilable; and the court will place upon them such construction as will tend to give proper effect to both, bearing in mind that they both relate to proceedings not before a court of law, but before one where equity and good conscience are presumed to predominate.

The question appears to turn upon the construction to be placed upon the word "conclusive," in chapter 240, section 10.

The definition of the word given in 8 Cyc. 551, is: "shutting up a matter; shutting out all further evidence; not admitting of explanation or contradiction; putting an end to inquiry; final; decisive; putting an end to debate or question; leading to a conclusion or decision."

Where a statute provides that a final order shall be "conclusive upon all parties," the court said: "The word 'conclusive,' as here used, means simply that while it stands unreversed, it binds all parties to the proceeding, just as a judgment is 'conclusive,' because it binds all parties to the action. It has never been supposed that, because a judgment is conclusive upon all parties, it was beyond the power of the court to vacate it upon a proper showing." *Commercial Bank* v. *McAuliffe*, 92 Wis. 242.   This seems to us to be the proper interpretation to place upon the word as used in this statute. It gives to a decree *pro confesso* the same effect as to a decree entered after the appearance of both parties and after the hearing of evidence.

We therefore hold that, as the motion was made within the period of six months after entry of decree, it was made seasonably; that the court has jurisdiction to entertain it. We find also that the affidavit filed and answer of the defendant offered for filing do set out a claim of meritorious defence. The decrees will therefore be vacated. But on account of the delay caused by the neglect of the respondent to file his answer within the prescribed time, the following terms are imposed upon him as conditions precedent to the vacating of the decrees and the filing of the answer.

The respondent shall pay all of the complainant's costs to the date of the entry of the decree consequent hereon to be taxed by the clerk, including the cost of the advertisement of sale of the property mentioned in the said bill of complaint and the cost of the advertisement of the adjournment thereof; the fee of the master in chancery appointed to make sale of the said property; and also pay to the solicitor of record of the complainant the sum of fifty dollars as counsel fee, none of these costs to be recoverable by the said respondent in any event.

Decree will be entered accordingly.

*Christopher M. Lee and Job S. Carpenter,* for complainant.

*Cooke & Angell,* for respondent.