DAVID GAREY *vs.* JULIUS MARCUS *et al.*

DECEMBER 9, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an action in assumpsit on the common counts commenced by a writ of attachment, in which Maurice Prager and his wife Anna Prager, hereinafter referred to as the petitioners, filed a petition to intervene as parties defendant which was denied by the trial justice. They have prosecuted a bill of exceptions to this court, their sole exception therein being to the denial of their petition to intervene.

The record discloses that on October 1, 1957 the plaintiff brought suit against the defendants Julius Marcus individually and Newport Shopper's World, Inc., a Rhode Island corporation, alleging that they are jointly and severally liable to him for moneys loaned, together with interest

thereon. It further appears that pursuant to the writ the private automobile of defendant Marcus was attached by a deputy sheriff and a keeper placed in charge of Newport Shopper's World, Inc. Thereafter sheriff bonds were executed for the release of said attachments. The sureties on said bonds are the petitioners herein who as sureties brought the petition to intervene.

The transcript reveals that plaintiff in the instant case also filed a petition in equity against Newport Shopper's World, Inc. for the appointment of a receiver, and pursuant thereto co-receivers were appointed. The receivers allowed his claim for $3,300 and gave notice to the creditors that they would present their final account to the superior court on August 3, 1959. It appears that the $3,300 is the balance due on the alleged loans which gave rise to this action.

The transcript also discloses that petitioner Anna Prager as a general creditor was given notice that the receivers intended to present their final account, whereupon she and her husband Maurice filed the instant petition to intervene. It was assigned for hearing on August 3, 1959 concurrently with the report of the receivers.

The petition to intervene and the report of the receivers were heard together, but for purposes of clarity we deem it advisable to file separate opinions. See *Garey* v. *Newport Shopper's World, Inc.*, 92 R. I. 27.

It is the contention of the petitioners that defendant Marcus has left the jurisdiction of the Rhode Island court. This, they argue, places them as sureties in a precarious position in the suit by David Garey against Julius Marcus on the latter's individual liability. For this reason, they contend, the court erred in denying their petition to intervene.

Their position is not well taken. It is settled that at common law there existed no right to intervene as a party in a civil action. In the absence of statutory authority the court is without jurisdiction to permit intervention and no

statutory authority exists in this state. *State ex rel. Montaquila* v. *Avery,* 90 R. I. 305, 157 A.2d 886.

The exception is overruled, and the case is remitted to the superior court for further proceedings.

*Arcaro, Belilove & Kolodney,* for plaintiff.

*Perry Shatkin,* for defendant Newport Shopper's World, Inc.

*Zucker and Winsten, Harold H. Winsten,* for petitioners.