Town of Lincoln *vs.* Joseph A. Cournoyer *et al.*

December 18, 1962.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J.   This proceeding was brought to enforce the terms of the zoning ordinance of the town of Lincoln pursuant to the provisions of G. L. 1956, §45-24-6, wherein an intervenor petitioned to adjudge the respondents in contempt for violating the terms of a decree entered on February 18, 1958.   The petition to adjudge in contempt was heard by a justice of the superior court who thereafter entered a decree on June 30, 1961 to that effect and on July 3, 1961 entered another decree imposing a penalty upon the respondents.   From the July 3 decree the respondents have prosecuted an appeal to this court.

It appears from the record that respondents own a tract of land zoned in part for residential use and in part for agricultural use.   The instant proceeding was instituted on August 6, 1957 by the town through its solicitor.   According to the averments of the bill, respondents had been using the land for the storage of certain motor vehicles, junk,

and waste in violation of the terms of the zoning ordinance, and the bill contained prayers for injunctive relief. The cause was heard by a justice of the superior court who thereafter, on February 18, 1958, entered a decree wherein he found that respondents had been using the land in violation of the provisions of the zoning ordinance and that such a use constituted a public nuisance. The decree contained further provisions enjoining respondents from continuing to make such use of the land and ordering them to remove the junk and waste material therefrom on or before April 1, 1958.

Thereafter the cause was before the superior court on several petitions and a motion, including a petition to adjudge respondents in contempt for violation of the terms of the decree of February 18, 1958. For the purposes of the instant opinion we need note only that a decree was entered by a justice of the superior court on November 10, 1959 adjudging respondents in contempt for violations of the decree of February 18, 1958 and assigning the cause to the miscellaneous calendar for further hearing as to the disposition to be made of the contempt.

Pursuant to this assignment the matter was further heard for disposition of the contempt by another justice of the superior court who on December 16, 1959 entered a decree wherein respondents were required to furnish bond, each of the parties was directed to furnish the court with certain evidentiary materials, the premises were ordered to be maintained in statu quo pending a further hearing, and the cause was ordered to be continued for such further hearing for a period of ninety days. The record reveals that no further hearing was held pursuant to the continuance therein ordered.

On March 13, 1961, more than a year after the entry of the decree of December 16, 1959, Henry Gagnon, the owner of certain property which adjoins that of respondents, moved the superior court to be permitted to intervene in

the instant proceeding that had been brought by the town to enforce compliance with the terms of the ordinance. This motion to intervene was granted on March 21, 1961 and thereafter, on April 3, 1961, Henry Gagnon, hereinafter referred to as the intervenor, filed a petition to adjudge respondents in contempt for violation of the provisions of the decree of February 18, 1958.

The intervenor's petition came on to be heard before a justice of the superior court on May 10, 1961. The respondents objected at this time to any consideration of it, contending that the matter of a disposition of the contempt was pending before another justice of the superior court by reason of the decree of December 16, 1959 that continued for further hearing the petition of the complainant town to adjudge respondents in contempt. The trial justice overruled this objection and thereafter, on May 15, 1961, entered a decree vacating certain paragraphs of the decree of December 16, 1959 and ruling that there was no decision pending in this proceeding before any justice of the superior court. From this decree respondents have prosecuted an appeal to this court.

The intervenor's petition was then heard by another justice of the superior court who, after an extended hearing thereon, entered a decree on June 30, 1961 adjudging respondents in contempt for violating certain of the terms of the decree of 1958. He then continued the matter to July 3, 1961 for further hearing as to the disposition to be made of the contempt. On July 3, 1961 the same justice entered a decree wherein he imposed a penalty in the amount of $150 on each of the respondents. The respondents have prosecuted an appeal to this court from each of the latter decrees.

In this court respondents prefaced their arguments on the instant appeal with a motion to dismiss the proceeding to compel compliance with the terms of the zoning ordinance instituted by the complainant town pursuant to

the provisions of §45-24-6. In support of this motion they contend that on March 28, 1961 the town council of the complainant town enacted a new zoning ordinance wherein the zoning ordinance of 1948 was expressly repealed. They urge that since the thrust of the instant proceeding is to compel compliance with the zoning ordinance of 1948, the effect of the repeal of that ordinance is to abate the instant proceeding.

However, a close scrutiny of the record does not disclose that a new zoning ordinance was enacted in 1961 or that any ordinance was enacted repealing the zoning ordinance of 1948. In other words, it would appear that respondents, in making their motion to dismiss, are assuming that this court will take judicial notice of the enactment of municipal ordinances and as to the substance of provisions in such ordinances. With this assumption we do not agree.

It is generally held that the doctrine of judicial notice will not be extended to the enactment of specific municipal ordinances or to the specific provisions of such municipal ordinances. *Brown* v. *Neelon,* 335 Mass. 357. In *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, it was held that the doctrine of judicial notice would not be extended to the specific provisions of a zoning ordinance. We might well take judicial notice that many municipalities of this state have enacted zoning ordinances pursuant to the authority of the enabling act, chap. 24 of title 45. This is a matter of common knowledge. See *Kistler* v. *Swarthmore Borough,* 134 Pa. Super. 287. We will not, however, invoke the doctrine of judicial notice for the purpose of establishing the enactment of a municipal ordinance containing a provision repealing some prior municipal ordinance. It cannot be reasonably argued that this would be a matter of common knowledge. The motion to dismiss is therefore denied without prejudice.

In support of their appeal from the action of the superior court imposing a penalty for the contempt, respond-

ents raise a substantial question as to the scope of the jurisdiction of the superior court to act to compel compliance with the terms of the ordinance. Section 45-24-6 provides that actions to restrain violations of or to compel compliance with the provisions of a zoning ordinance are to be instituted in the name of the municipality. Section 45-24-7 provides, in pertinent part, that the superior court "shall, upon due proceedings in the name of such town or city instituted by its town or city solicitor, have power to issue any extraordinary writs or to proceed according to the course of equity or both: * * * To compel compliance with the provisions of any ordinance enacted under the authority of this chapter * * *." The respondents' question, as we understand it, is whether, in view of the language of §45-24-7 above quoted, the superior court has jurisdiction to enter any order designed to compel them to comply with the terms of the zoning ordinance pursuant to the motion of anyone but the town acting through the town solicitor.

We inquire then as to the extent to which the legislature in enacting these statutory provisions intended to restrict the jurisdiction of the courts to act to enforce zoning ordinances. Express provision is made therein that judicial proceedings for such enforcement of zoning ordinances shall be brought in the name of a municipality by the city or town solicitor. In such circumstances we should attempt to ascertain the legislative intent by reference to the scope of the legislation and the purpose for which it was enacted.

In *Weimar* v. *Newman*, 78 R. I. 221, at page 226, this court said: "It is fundamental that if the language of a statute is free from ambiguity and expresses a definite and sensible meaning, that meaning is conclusively presumed to be the one which the legislature intended to convey. In such circumstances the statute must be interpreted literally." It is our opinion that the statutory provision now under consideration is not ambiguous and does state a plain,

definite, sensible purpose. For that reason and to ascertain the legislative intent, we must read these statutory provisions literally.

When the enabling act is read in its entirety, it discloses that the legislative policy in providing for zoning was to give the municipal legislatures broad control in the administration of zoning ordinances enacted thereunder. This policy recognizes that in restricting the use of land by the enactment of zoning regulations problems will arise that are peculiarly appropriate for local resolution. To this end the legislature conferred upon the municipal legislatures the authority to enact zoning ordinances that contain the restrictive regulations; to promulgate the special exceptions that may be made to such regulations; and to create and designate the membership of the review boards that are empowered to pass upon these exceptions. In the matter of providing judicial assistance in the enforcement of the ordinances, the legislative provisions are completely consistent with this policy.

These provisions set out in §§45-24-6 and 45-24-7 of the enabling act conferred upon the local legislature authority to invoke such judicial assistance by the institution of an appropriate proceeding in the name of the municipality through the action of the city or town solicitor. It is our opinion that in so doing the legislature intended to limit the exercise of jurisdiction by the courts in the enforcement of zoning ordinances to such proceedings only as were brought in the name of the municipality by its designated municipal legal officer. We are also of the opinion that the legislature, in so doing, contemplated excluding individual landowners from the institution of unnecessary and unwarranted litigation that could serve only to unduly burden the courts and to distress and harass the affected landowners. See *City of New Rochelle* v. *Beckwith*, 268 N. Y. 315, wherein the court of appeals held that a statutory provision similar in content to that we now have under con-

sideration had the effect of depriving the courts of jurisdiction to act other than in proceedings instituted by the designated municipal officer.

It is true that the instant petition to adjudge respondents in contempt was made in a proceeding brought by the town solicitor in the name of the town pursuant to the relevant provisions of §§45-24-6 and 45-24-7. The petition was brought, however, by an adjoining landowner who had become, on his motion to intervene pursuant to the provisions of G. L. 1956, §9-14-14, a party to the proceeding instituted by the town solicitor. The respondents argue that in view of the exclusory nature of the statutory provisions set out in §§45-24-6 and 45-24-7 the court may not, in an exercise of its jurisdiction, assist in the enforcement of a zoning ordinance on the petition of an intervenor. In support of this contention they argue that the statute clearly precludes the exercise of jurisdiction for such purposes other than on the motion of the municipal legal officer designated therein, in the instant case the town solicitor. In our opinion this contention has merit.

The statutory provisions under consideration clearly manifest a legislative intention to restrict the court's exercise of jurisdiction for the purpose of assisting in the enforcement of a zoning ordinance other than on the motion of the town solicitor in an action brought by that officer in the name of the town. We do not perceive that any language used in the statutes is susceptible of being reasonably interpreted as providing for an exception to the exclusion thus contemplated in the statute. In other words, we do not perceive that the statutes contemplate that an adjoining property owner, who is by the terms thereof prohibited from invoking the jurisdiction of the court for such purpose, may validly invoke such an exercise of the court's jurisdiction by indirection, that is, through the procedure of intervention. It is our opinion that for this court to hold that an adjoining landowner could by indirection ac-

quire authority to invoke the jurisdiction would be to read into the legislation an exception to its terms that the legislature clearly did not incorporate therein in express terms. This we decline to do absent a showing that such an exception must be necessarily implied if the purpose of the legislation is not to be defeated.

It is our opinion then that the provisions of §§45-24-6 and 45-24-7 preclude an exercise of jurisdiction by the court for the purpose of assisting in the enforcement of a zoning ordinance other than on the motion of a municipality acting through its designated law officer. It is our further opinion that nothing contained in the pertinent provisions of the statute is susceptible of being reasonably interpreted as excepting from the exclusory terms of the statute persons who own adjoining property and who, upon a motion to intervene, have been made parties to the action instituted by the town. Because we take this view of the statutory provisions under consideration, we conclude that the petition of the intervenor in the instant case to adjudge the respondents in contempt was a nullity and that, therefore, the decrees entered by the superior court pursuant to such petition were without force and effect. We further conclude that the decree of July 3, 1961 is null and void and that, therefore, the proceeding brought by the town of Lincoln through its town solicitor is now pending in the superior court in the posture in which it stood before that court prior to the entry of the decree thereof on May 15, 1961.

The respondents' appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*Harry W. Asquith,* Town Solicitor for Town of Lincoln; *Milton Stanzler,* for intervenor.

*Philip M. Hak, Roger A. Beauchemin,* for respondents.