247 A.2d 853.

WILLIAM L. MAURAN *vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

NOVEMBER 18, 1968.

PRESENT: Roberts, C. J.. Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.   This is a petition for certiorari to review a decision of the zoning board of the city of Cranston. The petitioner seeks a determination that the use being made of a certain structure violates the Cranston zoning ordinances and further asks that the inspector of buildings be directed to take all actions necessary to prevent a continuance of that violation.

The petitioner owns a parcel of real estate in Cranston adjacent to a building which formerly was used as a public

primary school. A portion of that schoolhouse is now used as a training headquarters by the First Light Infantry Regiment of the Rhode Island Militia, and the remainder was leased in 1967 to the Cranston Community Action Program Committee, Inc., a nonprofit Rhode Island corporation. The Committee took possession without first obtaining an occupancy permit. The petitioner believed that the uses to which the Committee put the premises were not permitted in the A-20 district where both his property and the schoolhouse were located. Accordingly, he requested the building inspector in writing to "* * * investigate the situation and take steps to halt such use of the premises or officially decide to issue a zoning and occupancy permit in order that we may pursue our legal remedies." When no response was forthcoming either to that request or to the others which followed, petitioner commenced a civil action in the superior court against the building inspector. His theory was that the building inspector by failing to prevent the unauthorized use was defaulting his obligation to enforce the terms of the ordinance. He asked, therefore, that the building inspector be mandamused "* * * to enforce the Code of the City of Cranston, 1964, as amended, by commencing and proceeding to conclusion with the prosecution of the Cranston Community Action Program Committee, Inc., in accordance with Section 30-48 of the General Ordinances of the City of Cranston for the violation of Section 30-15, 30-47(b) and 30-47(c) of said ordinance * * *."[1] The building inspector, answering the complaint, denied its es-

---

[1] In substance, and insofar as here pertinent, those sections provide the following: Section 30-48 established a fine of not more than $100 for each violation; section 30-15 lists the uses which are permitted, conditionally permitted, or prohibited in the various zoning districts into which the city is divided; and sections 30-47 (b) and 30-47 (c) provide that no change in the use of any building to a use of a different classification shall be permitted until an occupancy permit shall first have been issued by the building inspector.

sential allegations and specifically asserted that he had not failed to comply with his obligation to enforce the zoning ordinance with respect to the Committee's use of the schoolhouse.

The petitioner, although he did not proceed to trial on the proceedings initiated in the superior court, nonetheless sought to derive an indirect or incidental benefit therefrom by treating the building inspector's answer as the equivalent of a response to his previous written requests and as though it constituted such a decision, order or determination as would form the basis for an appeal to the zoning board. It was upon such an assumption that he filed with the respondent board a document which he entitled "APPEAL FROM DECISION OF INSPECTOR OF BUILDINGS." The board considered that "appeal" as though it presented a justiciable issue, heard evidence going primarily to whether or not the Committee was devoting the leased premises to a use or uses permitted in an A-20 district, and unanimously voted "that the decision of the Building Inspector be sustained." This petition for certiorari followed.

We raised a jurisdictional issue sua sponte at the oral argument. *Landry* v. *Cornell Constr. Co.*, 87 R. I. 4, 7, 137 A.2d 412, 414; *David* v. *David*, 47 R. I. 304, 306, 132 A. 879, 880; *Hazard* v. *Coyle*, 22 R. I. 435, 437, 48 A. 442, 442. Our concern was with the authority of municipal zoning officials to determine if a use limitation of a zoning ordinance is being violated, and with their power to prevent such violations. Since our answer is dispositive, we do not discuss the tortuous procedural route which petitioner took to get here. That omission should not be construed as a stamp of approval.

In discussing the jurisdictional issue we look first to G. L. 1956, §45-24-6 and §45-24-7 of the enabling legislation. They prescribe in detail the procedures and methods whereby zoning ordinances are to be enforced and violations pre-

vented. Section 45-24-6 empowers local governing bodies to establish penalties within specified limits for violations of any duly enacted ordinance and also appears to authorize local legislatures to "* * * cause suit to be brought in the supreme or superior court in the name of such city to restrain the violation of, or to compel compliance with, the provisions of any such ordinance." It does not detail any procedures for implementing the authorities thus granted. This neglect, if we were to read §45-24-6 as if it stood alone, might reasonably be construed as revealing a legislative intention to confer upon the local legislature at least an implicit power to designate who among the municipal officials might institute an action for a penalty or for injunctive relief. This, in substance, is the point petitioner makes, and he urges in addition that the Cranston city council in fact exercised that implicit authority when it specifically provided in sec. 30-47(b) that the enforcing agent should be the building inspector.

The weakness of petitioner's approach is that he reads §45-24-6 as if it were unrelated to §45-24-7. In the latter section the legislature specifically designated the city or town solicitor as the person who, by appropriate suit brought in the name of the municipality, might invoke the aid of either this or the superior court, within their respective jurisdictions, for the purpose either of restraining violations or of compelling compliance with the provisions of any ordinance enacted pursuant to the enabling legislation. Clearly the two sections, rather than being irreconcilable, are upon cognate subjects and should be read in pari materia. *Masterson* v. *Whipple,* 27 R. I. 192, 61 A. 446; *State* v. *Beck,* 21 R. I. 288, 43 A. 366. When thus construed, they disclose a complete overall legislative scheme for the enforcement of zoning provisions. Not only does that scheme establish fines and equitable relief as the available remedies for the enforcement of zoning provisions, but in

addition it confers exclusive jurisdiction in those matters upon the courts, it names the city or town as the only authorized suitor, and it designates the city or town solicitor as the sole person who may invoke judicial aid. Just as the exclusive grant of the enforcement power to the courts precludes a local legislative body from effectively making a similar grant to the zoning board, so, too, does the naming of the city or town solicitor as the enforcing agent preclude the local legislature from effectively designating the building inspector as the person to act in that capacity. *McGregor* v. *Zoning Board of Review*, 94 R. I. 362, 364, 180 A.2d 811, 812; *Wyss* v. *Zoning Board of Review*, 99 R. I. 562, 564, 209 A.2d 225, 226. See *Town of Lincoln* v. *Cournoyer*, 95 R. I. 280, 186 A.2d 728.

The petition for certiorari is granted, and the decision of the respondent board is quashed for the reason that it was without jurisdiction in the premises.

*Tillinghast, Collins & Tanner, John J. Partridge,* for petitioner.

*Jeremiah S. Jeremiah, Jr.,* Assistant City Solicitor, for respondent.