306 A.2d 824.

TOWN OF COVENTRY *vs.* HICKORY RIDGE CAMPGROUND, INC. *et al.*

JULY 6, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

Roberts, C. J. This is an action brought in the name of the Town of Coventry by the town solicitor, pursuant to the provisions of G. L. 1956 (1970 Reenactment) §§45-24-6 and 45-24-7, to enjoin the defendants, Hickory Ridge Campground, Inc., Franklin Reed, and Grace D. and Vartan Hartunian, from building a campground and trailer park within that town pursuant to building permits issued by the building inspector of that town. It is in this court on appeals from an order of the trial justice granting a motion to intervene as to certain individuals, and a cross-appeal from the denial of a motion to intervene as to other individuals. Also involved is an appeal from an order of the trial justice denying without prejudice the motion of the intervenors to vacate a judgment on a consent decree

between the original plaintiff, the Town of Coventry, and the defendants in the cause.[1]

The travel of this case is somewhat involved. The action was instituted by the town solicitor pursuant to the pertinent statute on May 27, 1971. On July 6, 1971, Harold and Ruth R. Sheldon and Lloyd A. and Joyce H. Phillips, the owners of property abutting on the site of the proposed campground, moved to intervene in the suit brought by the town against defendants; however, defendants objected to the motion. Subsequently, on July 30, 1971, without notice to the Sheldons or the Phillips, the town and defendants entered into a consent decree, and judgment was entered thereon on that same date.

For almost a year after the consent decree was entered, certain of the abutting landowners opposing the building of the campground pursued other avenues in seeking to prevent action by defendants under the building permits. Finally, the motion to intervene in the instant action was heard on June 19, 1972, but decision was reserved by the court on that motion. At the same time counsel for the Sheldons and Phillips moved orally to permit intervention in the case by the following owners of land abutting on the campsite: Claude Sheldon; Vernon and Jacquelyn Hardy; William Spencer; William and Mary Marino; and Andrew Wallace, Jr. and Dorothy Wallace.

On July 7, 1972, the trial justice granted the motion of the Sheldons and the Phillips to intervene and also permitted the Hardys to intervene. He denied, however, the motion to intervene of the Marinos, the Wallaces, William Spencer, and Claude Sheldon. On that same day those

---

[1]This is one of a number of cases arising out of the attempt to build a campground in Coventry, Rhode Island. One of these cases was decided by this court last term. *Hartunian* v. *Matteson*, 109 R. I. 509, 288 A.2d 485 (1972).

whose motion to intervene had been granted moved to vacate the judgment entered pursuant to the consent decree.

Subsequently, on July 11, 1972, defendants appealed from the order granting the motion to intervene on the part of the Sheldons and the Phillips and the Hardys, and on July 17, 1972, the town also appealed from the order granting intervention to the above-named parties. On July 18, 1972, the trial justice denied without prejudice the motion of the intervenors to vacate the judgment entered pursuant to the consent decree and reserved to the intervenors the right to renew that motion after a decision on the appeals of defendants and the town. Again, on July 21, 1972, William Spencer, the Marinos, the Wallaces, and the Hardys also appealed from the order of the trial justice denying their motions to intervene. Finally, on July 22, 1972, the intervenors appealed from the order of the trial justice denying the motion to vacate the consent decree between the town and defendants.

We have before us, then, first, the appeals of defendants and the town from the order granting the motion to intervene; second, the appeal of those whose motion to intervene has been denied; and third, the appeal of the intervenors from the denial of their motion to vacate the consent decree.

I.

We turn, now, to the question of whether the order granting the motion to intervene is appealable as is contended by the town and by defendants. It is well settled that the federal courts consistently hold that an order allowing intervention is not a final order and, therefore, that the granting of a motion to intervene is not appealable. *Ionian Shipping Co.* v. *British Law Ins. Co.*, 426 F.2d 186 (2d Cir. 1970); *Kris Petroleum, Ltd.* v. *Stoddard*, 221 F.2d 801 (9th Cir. 1955); *Otten* v. *Baltimore & O. R.R.*, 205 F.2d 58, 59 (2d Cir. 1953); 3B Moore, *Federal Practice* ¶24.15, at 24-

561 (2d ed. 1969). The federal rule is designed to discourage fragmented litigation, and, in our opinion, it is the better rule to follow. We conclude, then, that the appeals of the town and defendants are not properly before us, and we are without jurisdiction to consider them.[2]

## II.

Also presented here is a question of whether the denial of a motion to intervene as of right is appealable. In our opinion, such a denial of a motion to intervene has sufficient finality to be appealable. *Industrial National Bank v. Colt,* 101 R. I. 488, 224 A.2d 900 (1966); *accord, Sam Fox Publishing Co.* v. *United States,* 366 U. S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961). It is our conclusion, then, that the cross-appeal of those whose motion to intervene was denied is properly before us, and we turn to the question of whether it was error to deny the motion of these appellants.

In the instant action the town seeks to enjoin defendants from acting in violation of the zoning ordinance of the town of Coventry. Sections 45-24-6 and 45-24-7 confer upon the town council authority to invoke judicial assist-

---

[2]We are aware that in *State ex rel. Montaquila* v. *Avery,* 90 R. I. 305, 157 A.2d 886 (1960), this court held that an order granting intervention was appealable. It is clear, however, from an examination of that case that the court there was giving finality to the order granting intervention under the rule of *McAuslan* v. *McAuslan,* 34 R. I. 462, 83 A.837 (1912), for treating certain interlocutory decrees as final for the purpose of appeal. In *McAuslan,* the court said: "In certain cases our statute has guarded against the possibility of injury arising from restricting appeals in all instances to final decrees, in the technical sense, by providing for appeals from interlocutory decrees granting or continuing injunctions, appointing receivers or ordering a sale of property. Besides those provided for in the statute other instances may present themselves of decrees, in a strict sense interlocutory, which by reason of their possible injurious consequences require an immediate review and must be held for this reason to have such elements of finality as to permit an immediate appeal." *Id.* at 472, 83 A. at 841. In our opinion, the instant case does not come within the *McAuslan* rule.

ance in the enforcement of local zoning ordinances. Such assistance is obtained by the institution of an appropriate action in the name of the municipality by the town solicitor. We have held that under these statutory provisions only the town can initiate a suit to enjoin violations of local zoning ordinances. *Mauran* v. *Zoning Board of Review,* 104 R. I. 604, 247 A.2d 853 (1968); *Town of Lincoln* v. *Cournoyer,* 95 R. I. 280, 186 A.2d 728 (1962). Furthermore, this court has specifically held that intervention by an adjoining landowner in a proceeding brought by the town solicitor in the name of the town pursuant to §§45-24-6 and 45-24-7 is not permissible. *Town of Lincoln* v. *Cournoyer, supra.*

The defendants argue that the *Cournoyer* rule denying intervention in such suits is applicable to the case at hand. Those that were denied the right to intervene argue to the contrary, contending that they have such a right pursuant to Super R. Civ. P. 24(a). The decision in *Cournoyer* was rendered in 1962 prior to the adoption of the Superior Court Rules of Civil Procedure. We are, therefore, faced for the first time with the question of whether the enactment of the new rules and more specifically Rule 24(a) affects the rule of *Cournoyer* prohibiting intervention.

The enabling act which authorizes the Superior Court, with the approval of this court, to promulgate rules of procedure and practice provides: "Such rules, when effective, shall supersede any statutory regulation in conflict therewith." General Laws 1956 (1969 Reenactment) §8-6-2 (Supp.). Intervention was never a right at common law and was only permitted where granted by statute. *Garey* v. *Marcus,* 92 R. I. 25, 166 A.2d 220 (1960). At the time of *Cournoyer* the practice in Rhode Island was only to allow intervention proceedings in equity. However, Rule 24 extends the scope of intervention.

In *Cournoyer* we denied the right to intervene because we

felt that the Legislature had been explicit in providing that only the town through its solicitor could seek enforcement of its zoning ordinances. We said that we would not assume that the Legislature intended that adjoining landowners would be able by intervention to do what they could not do by direct action. However, such a rule is inconsistent with the scope and intent of Rule 24. In light of §8-6-2, which holds that rules of court procedure take precedence over prior inconsistent procedural legislation, we must retreat from the absolute prohibition on intervention annunciated in *Cournoyer.*

Rule 24(a)(2) provides that upon timely application an individual will be permitted to intervene as of right "* * * when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action." In *Caran* v. *Freda,* 108 R. I. 748, 279 A.2d 405 (1971), we held that abutting landowners could invoke the mandatory provisions of Rule 24(a) in appeals from zoning boards to the Superior Court. We reached this conclusion for the reason that the adjoining landowners were threatened with a loss in the value and enjoyment of their property if the Superior Court overturned the zoning board's denial of an application for a variance. We took the view also that, the zoning board being without standing to seek review of such denial by the Superior Court, *Hassell* v. *Zoning Board of Review,* 108 R. I. 349, 275 A.2d 646 (1971), the interest of the abutting landowners might not be adequately represented in the Superior Court. Hence, we found that abutting land owners had met the criterion of Rule 24(a)(2) to allow them to intervene as of right.

Here the trial justice, in considering the motion to intervene, set out the requirements of Rule 24(a)(2). He then reviewed the record in the case and concluded that the failure of the town solicitor to appear in court on the town's

motion for preliminary injunction in this case, and also the town solicitor's action in entering into a consent decree while a motion to intervene was pending constituted inadequate representation of the interests of the citizens of the town of Coventry. While he concluded that all citizens of the town were bound by the judgment in the pending case, he felt that adding too many additional parties would serve no useful purpose in the litigation, and for that reason he allowed only the Sheldons, the Phillips, and the Hardys to intervene and denied the other parties the right to intervene.

The defendants contend that the evidence does not support the trial justice's conclusion that the town solicitor was not adequately prosecuting the case. It is asserted that had the trial justice taken testimony, he would have found that the town solicitor did not appear in court on the hearing for the preliminary injunction because this court in a companion case had already issued a stay prohibiting defendants from building the campground. Our review of the trial justice's decision leads us to the conclusion that defendants have failed to sustain their burden of showing that the trial justice was clearly wrong. The trial justice in his decision took into consideration the excuse offered by the town solicitor, and the decision demonstrates that he was fully cognizant of the facts in this case and the companion litigation.

We conclude, therefore, that it was error to deny the motion to intervene for such of the appellants here who own property abutting on the site of the proposed campground. It is such owners of land abutting the proposed campground who are threatened with the special injury of economic loss through property devaluation if the alleged violation of the Coventry zoning ordinance continues unabated. Consequently, we conclude that such abutting landowners should be allowed to intervene as of right when

it is established that the town solicitor does not adequately represent their interests. We recognize, however, that on the record in this case, it is unclear which of the parties to this appeal are abutting owners. Therefore, we remand the cause to the Superior Court with the instruction that those who are abutting landowners be permitted to intervene.

The defendants also contend that the proposed intervenors did not properly comply with the procedural rules for intervention governed by Rule 24(c). However, inasmuch as defendants have failed to demonstrate how they were prejudiced by any alleged procedural shortcomings, we do not consider this contention any further.

It is to be understood that nothing in this opinion is to be construed to abrogate the holding in *Cournoyer* that only the town through its solicitor can initiate actions to enforce local zoning ordinances pursuant to §§45-24-6 and 45-24-7. The statutory provisions prescribe the exclusive manner in which actions seeking judicial assistance in the enforcement of the ordinance can be initiated. Neither do we feel that this decision undermines the principal purpose of those provisions of the statute. In enacting that legislation, the Legislature intended to exclude "* * * individual landowners from the institution of unnecessary and unwarranted litigation that could serve only to unduly burden the courts and to distress and harass the affected landowners." *Town of Lincoln* v. *Cournoyer, supra* at 286, 186 A.2d at 731. Our opinion, by permitting intervention in such actions, cannot lead to harassment because the action has already been instituted by the town.

The intent of the rule providing for intervention was to avoid multiplicity in litigation. Had we denied intervention, the abutting landowners might not have been totally without a remedy in the face of official inaction toward or collusion with violators of the zoning ordinance. They

could have sought the aid of the equity power of the courts to compel a public official to properly enforce the law or to declare null and void any judgment obtained by fraud or collusion. However, such decision would lead to a multiplicity of suits and be contrary to the intent of Rule 24, which is to combine all issues into one suit.

Nor are we saying that in every instance adjoining landowners may intervene in actions brought pursuant to §§45-24-6 and 45-24-7. However, in the circumstances of the instant case, where the abutting landowners demonstrate that the town solicitor's representation of their interests is inadequate, motions pursuant to Rule 24(a)(2) to intervene may properly be granted.

### III.

The intervenors have also appealed from the denial by the trial justice of their motion to vacate the consent decree entered on July 30, 1971. The denial was without prejudice pending a determination by this court on appeal from the order permitting intervention. The intervenors argue that the dismissals without prejudice are appealable. It is true that in some instances such orders have been considered final for purposes of appeal.

In *Zadig* v. *Aetna Ins. Co.*, 42 F.2d 142 (2d Cir. 1930), the plaintiff's libel action was dismissed without prejudice. The court held that the order of dismissal was appealable because it disposed of the suit and left nothing further to be done. The plaintiff's rights in the litigation had once and for all been determined. In *Blair* v. *Cleveland Twist Drill Co.*, 197 F.2d 842 (7th Cir. 1952), the appellant's cross-claim was dismissed without prejudice. The court held this dismissal to be final for purposes of appeal because it deprived the appellant of its right to have the cross-claim adjudicated in the same proceeding as the principal claim.

In our opinion, this case is presented to us in a posture

different from *Zadig* and *Blair*. Prior to the denial without prejudice of the motion, defendants and the town had filed their notices of appeal from the motion granting intervention to certain of the abutting owners. Apparently, the trial justice was of the opinion that had he improperly granted intervention, it would have been unnecessary to decide whether or not the motion to vacate was properly denied without prejudice. In essence, what he did was to postpone consideration of the motion to vacate until this court had made some determination on the appeal from the order by which the trial court had permitted intervention. Nothing in his decision disposed finally of the rights of the intervenors in this action. He properly anticipated, in our opinion, that the motion to vacate would be renewed if this court concluded that his action on the motion to intervene was proper. Therefore, we consider that the order denying the motion to vacate the consent decree was not indeed a final order, and hence that it was not appealable.

The appeals of the Town of Coventry and of the defendants from the granting of the motion of the owners of land abutting on the proposed campground site to intervene are denied and dismissed; the appeal of the intervenors from the denial of their motion to vacate the consent decree of July 30, 1971, is denied and dismissed; the appeals from the denial of their motion to intervene as of right are affirmed as to those appellants who own land abutting on the proposed campground site, but are denied and dismissed as to those whose land does not abut on the proposed campground site; and the cause is remanded to the Superior Court for a determination of which of the latter class of appellants are owners of property abutting on the proposed campsite with a direction that those whose property so abuts on the proposed campsite be granted the right to intervene.

Mr. Justice Joslin did not participate.

*Richard Del Sesto*, Town Solicitor for the town of Coventry, for plaintiff; *Dillon and Maguire*, for Intervenors.

*James F. Murphy*, for defendants.