DECISION
Before the Court is an appeal by the Rhode Island Laborers' District Council on behalf of its Local 808 (Union) from a decision of the Rhode Island State Labor Relations Board (Board), finding that the Union had failed to prove by a preponderance of the evidence that two bargaining units it proposed to the Board were appropriate. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 Facts/Travel
The Union, on behalf of certain employees of the Rhode Island Economic Development Council (EDC), filed two "Petitions by Employees for Investigation and Certification of Representatives" (Petitions) with the Board. The first Petition (EE 3589) was filed on May 6, 1996. In this Petition, the Union sought to represent twenty-two (22) employees of the EDC.[1] The Board conducted an investigation on May 15, 1996, which verified the employees signatures submitted with the Petition. During the investigation, the Union informed the Board that it sought to represent three (3) more employees, for a total of twenty-five (25) employees in two locations. Thereafter, the Union submitted an Amended Petition in which it clarified the locations sought and the specific job titles to be included.[2] The signature cards submitted with the Amended Petition were verified by the Board and were of sufficient number.
On June 3, 1996, an informal hearing was held to determine whether the Union and the EDC could agree to a consent election. The EDC objected to the proposed bargaining unit; therefore, the matter was scheduled for a formal hearing.
On August 7, 1996, the Union filed a second "Petition for Investigation with Certification of Representative" (EE 3593) in which the Union sought to represent fifteen (15) EDC employees located at the EDC's Quonset Repair and Maintenance Facility.[3] The Board conducted an investigation on August 15, 1996, and verified the signatures submitted with the Petition. The EDC objected to both petitions, EE 3589 and EE 3593, on the grounds that the two proposed bargaining units were inappropriate and that one unit of all eligible employees under the Act would be a more appropriate unit.
An informal hearing was held on October 22, 1996. At that hearing, the Union and EDC agreed that both Petitions, EE 3589 and EE 3593, could be formally heard at the same time. A formal hearing was held by the Board on February 25, 1997.
On July 8, 1997, the Board issued a written decision, finding that the Union had failed to prove by a fair preponderance of the evidence that the proposed bargaining units were appropriate. The Union's petitions were dismissed without prejudice. The Union timely filed the instant appeal on April 12, 1999.
 Exhaustion of Administrative Remedies
At the outset, the EDC argues that the Union is not entitled to judicial review pursuant to R.I.G.L. § 42-35-15, as the Union has not exhausted its administrative remedies. The EDC alleges that the Board's dismissal of the Petition without prejudice evidences the lack of exhaustion.
Pursuant to R.I.G.L. § 42-35-15, any (party) who has exhausted all administrative remedies available to (it) within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review. Furthermore, a plaintiff aggrieved by an agency action must first exhaust his or her administrative remedies before bringing a claim before [the Superior Court]. Burns v. Sundlun, 617 A.2d 114, 116 (R.I. 1992).
Before this Court is the Decision and Order of the Board, in which the Board found that "the [Union] has failed to prove by a fair preponderance of the evidence that the proposed bargaining unit is an appropriate bargaining unit." (Decision and Order at 5). Thereafter, the Board in its Order denied the petition and dismissed it without prejudice.
In the civil context, on a defendant's motion for summary judgment claiming plaintiffs' failure to exhaust administrative remedies, a Superior Court's "dismissing the complaint without prejudice to plaintiffs later refiling of the action after exhaustion of his administrative remedies" did constitute an appealable final order. See Almeida v. Plasters' and CementMasons' Local 40 Pension Fund, 722 A.2d 257 (R.I. 1998). TheAlmeida court further noted "when, as here it is still possible for a plaintiff to seek administrative relief for the claims he or she is making, dismissal without prejudice is favored." Id. at 259. However, the Court in Town of Coventry v. Hickory RidgeCampground, Inc., 111 R.I. 716, 725, 306 A.2d 824, 829 (1973), cited in Almeida, recognized that some dismissals without prejudice are final orders for purposes of appeal. For example, orders without prejudice that do not "dispose finally of the rights of the [party]" are not appealable. Town of Coventry, 111 R.I. at 726, 306 A.2d at 829.
The final order rule has been applied in the labor context as well. The Sixth Circuit has held that the National Labor Relations Board's order of a new election, which was held not to be a final order, was not reviewable by the court. U.S.Electrical Motors v. NLRB, 722 F.2d 315 (6th Cir. 1983). In its decision, the court in U.S. Electrical, quoting Professor Gorman's "The Basic Text on Labor Law," which provided that a board's determination of the appropriate bargaining unit in a representation case was not directly reviewable by the court.Supra at 49. In Barrington School Comm. v. Labor Rel. Bd.,608 A.2d 1126, 1132 (R.I. 1992), our Supreme Court recognized that a certification order precludes "further opportunity for the party to vindicate its rights in the administrative process itself."Id. at 1131. Accordingly, the Barrington Court held that "an order certifying the results of a representation election is a final order." Id. However, the Court distinguished certification orders from "prior objections of an aggrieved party to the process of resolving a representation controversy," which may come in the form of determining the requisite number of employee signatures, the composition of bargaining units, the eligibility of employees to vote, etc. These controversies may become moot by a subsequent election and thus are not final orders immediately reviewable by the court. Accordingly, the Board's refusal here to determine the appropriate bargaining unit would not be a final order warranting judicial review.
Here, the Board's dismissal without prejudice implicitly recognizes that the Union could return to the Board with the Petition and "minimally sufficient information, evidence or testimony for the Board to make an informed decision concerning the appropriateness of the unit it seeks to represent." Decision and Order at 4. The Board further acknowledged that it (could not) make a determination at this time as to the appropriateness of the unit." Id. The Decision and Order specifically declines to make a final determination and affirmatively preserves the Union's right to resubmit a petition. Thus, the Union has not exhausted its administrative remedies, the pursuit of which are clearly not futile, the instant matter lacks the requisite finality necessary for review pursuant to G.L. § 42-35-15.
Accordingly, this Court lacks jurisdiction to review this matter.
[1] Publicity Specialist, Assistant Publicity Specialist, Tourism Information Assistant, Program Administrator, Principal Clerk Typist, Research Analyst, Research Specialist, Technical Permitting Specialist, Administrative Assistant, Secretary, Federal Procurement Administrator, Fiscal Clerk, Financial Secretary, Fiscal Administrative Manager, Assistant Controller, General Secretary, Switchboard Operators and General Maintenance and all non-managerial personnel included under the Act.
[2] These included the following employees employed at the EDC's Providence office and the following employees employed by the EDC at the Welcome Center in Richmond: Administrative Assistant, Assistant Controller, Customer Service Receptionist, Assistant Publicity Specialist, Clerk, Financial Secretary, Federal Procurement Administrator, Fiscal Administrative Manager, Fiscal Clerk, General Maintenance Person, Program Administrator, Publicity Specialist, Research Analyst, Research Specialist, Secretaries, Technical Permitting Specialist and Principal Clerk Typist. Excluding employees working for the R.I. Port Authority, Quonset Point Facility and the following employees working within the Providence Facility and Welcome Centers: Accounts Representative, Chief Planner, Communicators Coordinator, Customer Service Receptionist, Director of Business Development, Director Marketing, Communications, Film Director, Financial Analyst, Network Manager, Office Managers, Project Coordinator, Program Director, Research Manager, Sports Council Director, Welcome Center Manager, all employees working for the Executive Director to include: Deputy Director, Associate Deputy Director, Legal Counsel, Executive Assistant, Executive Secretary, Confidential Secretary and any employee excluded by law.
[3] These included the following employees: Senior Technician, Foremen, Mechanic, Technician, GM-2, Inmate Supervisor, Laborer, GM-1 and Systems Operator employed at Quonset Repair and Maintenance facility and the Quonset Water Department, excluding all employees presently represented by another labor organization.